By the Court :
The defendants in this case are securities in a bond for the redelivery of property seized in execution, at the suit of the plaintiff against James Orr. After the execution of the bond no second execution was sued out within six ^months, and no tender was made by the defendants, or by Orr, to perform the condition of the bond. The question to be decided, is whether the condition of the bond is forfeited under these circumstances.
By section 12 of the act of. February 24, 1820, it is provided, inter alia, “that it shall be lawful for such officer to deliver such article or articles to the judgment debtor, upon his giving bond, with two securities, to the satisfaction of the officer, that he will deliver said article or articles to the officer having in his hands the execution upon the same judgment, within six months thereafter, which bond shall be made payable to the other party to the execution, and shall be returned with the execution to the court or justice of the peace from which the same issued.”
The case turns upon the construction to be given to this provision. It is contended for the defendant, that the words “to the officer having in his hands the execution,” must refer to the time when the obligor is to redeliver the property, and that, therefore, the execution creditor, if he mean to resort to the bond, must sue out and place in the hands of an officer, a second execution, before the expiration of the six months. If he omit this, he prevents the performance of the condition by his own act, and the bond is discharged.
*276 "We do not think that the law can correctly receive this interpretation. It was undoubtedly the intention of the legislature to give the debtor a stay of execution for six months, if his property would not sell for one-half its appraised value, and it is our duty, if possible, to give the law such construction as it shall give effect to this intention.
The phraseology of the act is very loose and indefinite; “within six months'” are terms of uncommonly general import. But there can be no question that he, who is bound by a condition to do an act within six months, has the whole period of six months to perform it in, and can not be called upon, by the other party, to perform it before the last day. It would be a violation of just principles to read the provision so as to connect the words,' “ within six months,” with the fact of the officer having in his hands an execution, and thus enable the plaintiff, by suing out a new execution, to enforce a performance of the condition within six days instead of six months.
*The principal difficulty is to determine the true meaning of the words uthe officer having in his hands the execution upon the same judgment.” The present participle “ having,” may refer to the period of time when the bond was taken; it may also refer to the period when the bond is to be performed. The first is its most natural interpretation. The officer now having the execution upon the judgment is the plainest reading. If it referred to the future, its proper reading would be the officer who shall have an execution. The most obvious sense of the language of the act is in accordance with its intention.
When the officer having the execution made the levy, he acquired a special property in the chattels levied upon; he became entitled to the possession, and could sell them without an execution, if they were not sold in the first instance for want of bidders. The special property of the officer excluded all other claims upon the property of subsequent date.
Was his special property divested by the redelivery of the goods to the plaintiffs and receiving a bond ? We are of opinion that it was not. The bond was in the nature of a security, that the property should be safely kept, and returned to the officer when the time of keeping it expired. But the special property of the officer remained, until the condition of the bond was broken. Up to that period the possession of the judgment debtor was the *277 possession of the officer. Before the forfeiture of the condition, no other execution could be levied upon the property. This construction is consistent with principle, and for the security and ease of the debtor. It enabled him to obtain security, because the redelivery of the property to him did not expose it to the grasp of another creditor.
The forthcoming bond, in Virginia, is of the same character with the bond to redeliver in this case. And it has been settled in that state, after great consideration, by two judges to one, that the redelivery of property taken in execution, to the defendant, upon giving a forthcoming bond, does not divest the right of property from the sheriff, and that the security has a right to deliver the identical property, to save the condition of his bond. Lusk v. Ramsay, 3 Mun. 417.
*If, then, the special property in the goods, in this case, vested in the sheriff, upon the levy, and remained in him while the condition of the bond was unbroken, it is a necessary consequence, that the condition only could be saved by a redelivery, or an offer to redeliver to him or his legal representatives, at the time stipulated in the bond, which, at the option of the defendants, might be the last day of the six months. The plaintiff could not sue out a new execution, for the levy was quo ad a satisfaction. This interpretation, a majority of the court are of opinion, gives force and effect to the intention of the legislature; is consistent with the literal meaning of the language employed, and harmonizes with established principles. Judgment for the plaintiff. '
Judge Burnet dissented.